Judge Owsley
delivered the opinion of the court.
This action was brought by the appellants in the court below to recover from the appellee a number of slaves.
The trial was had upon the general issue, and after the evidence was gone through, the court, on the motion of the appellee’s counsel, instructed the jury to find as in case of anon-suit.
' As it is the province of courts to decide upon points of law only, and as the instructions given in this case imply a decision against the appellant’s right to recover, it is proper we should, in reviewing the decision, assume as proven, every fact whicTi the evidence conduced in any event to prove, and enquire whether, in point of law, upon such a state of facts, (he appellants are entitled to succeed in the present action?
Thus considering the evidence, the appellant s may be said to have proven, that whilst the appellant, was of tender years, and shortly after her birth, her grandfather, John Madison, the then owner of the negro, now in contest/and the mother of the others, in 1782 or 3, virtually gave Alse to his grand-daughter; and thatin sequence of the gift, Rowland Madison, the father of the *164 appellant Elizabeth, took the negro Alse into his possession, an(j Ajse the negro, anti Elizabeth the daughter, con-tinuedto reside with Rowland from that time until the negro was sold to the appellee Kennedy, by Rowland, in 1793, and that during that time the negro was in the family of Rowland called Elizabeth’s, but that he exercised the same ownership over her as the other of his, slaves.
Haggin for appellant, Hardin for appellee,
actualposses-' eicnoi«slave fov 5 years, w'iíl'^ve'ti’üe tothe'ho'der, is douh:ful; kut i1vPlíecl c;eariybI°will not.
From this state of the evidence it is plain, that if the appellants are entitled to the negroes, their right must be derived in some other way than through the supposed gift; for as that ivas not reduced to writing, it is clear, according to the provisions of the law then in force, no interest can have passed to the appellant Elizabeth.
Eut it was contended in argument that, although the gift was invalid, yet as the possession was taken by Rowland Madison, her father, that possession should enure to the benefit fo Elizabeth, and as it was continued more than five years, under that possession, Elizabeth should be considered as gaining a good title against all the world, and hence it was infered, that the right thus manifested by the evidence of possession, authorised a recovery against the ap-pellee.
the enquiry, whether possession can, in any case, g'v’e a possitive right "to slaves, we have no doubt but if it can, that in the present case such a possession has not been Proveu inthe appellant Elizabeth.
.Giving the evidence its its full operation in favor of the appellants, it is plain that Rowland Madison, as the osl'en-si ble owner, ivas in fact possessed of the slaves until the sa*e to Kennedy; and although if his daughter had gaihed a general property by the gift, she might, fay implication of Jaw, have been considered possessed; yet as she gained no such property by the gift, her possession cannot be infered by implication of law; and,as the evidence shews clearly, that her father had in fact the possession, it is, plain that in consequence of the possession the appellanls cannot have gained a right to the'negroes, and consequently the instructions of the court below was correctly given to the jury.
The judgment must be affirmed with cost.